IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHERRY BUSTOS,**

      **Plaintiff,**

vs.                                                            **No. CIV 09-0208 RB/LFG**

**STATE OF NEW MEXICO**
**CORRECTIONS DEPARTMENT,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Enforce Order (Doc. 47), filed on May 7, 2010. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, record, relevant law, and being otherwise fully advised, the Court grants this motion in part.

**I.     Background.**

On February 2, 2009, Plaintiff filed suit in the First Judicial District Court of the State of New Mexico, alleging claims based on sex discrimination and retaliation, in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, ("Title VII"), and the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7(A) ("NMHRA"). Plaintiff alleged that Defendant discriminated and retaliated against her by refusing to consider her for a vacant position and hiring a less qualified male for the position. On March 4, 2009, Defendant removed the matter to federal court pursuant to 28 U.S.C. § 1441.

Defendant moved for summary judgment on both claims, arguing that Plaintiff presented no direct evidence of retaliation and she was unable to establish a prima facie case of discrimination or retaliation within the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973). On January 28, 2010, after the motion for summary judgment was fully briefed, the Court issued a Memorandum Opinion and Order that granted the motion and entered Judgment in favor of Defendant and against Plaintiff.

On February 11, 2010, Defendant filed a motion to tax as costs the $220.00 transcript fee for Plaintiff's deposition. Plaintiff filed a response in opposition to the motion, contending that the deposition was not reasonably necessary to the litigation. In its reply, Defendant pointed out that the Court relied on Plaintiff's deposition testimony in its Memorandum Opinion and Order.

On March 9, 2010, the Clerk entered an Order Settling Costs stating:

> It is apparent that the deposition was relied upon by the Court in reaching its decision in granting summary judgment in favor of the Defendant. *See*, Memorandum Opinion and Order filed January 28, 2010 [Doc. No. 40]. Therefore, in accordance with D.N.M.LR-Civ 54.2(b)(2)(B), the deposition is deemed reasonably necessary to the litigation and the cost is allowed.

Clerk's Order Settling Costs filed March 9, 2010, (Doc. 46). Accordingly, the Clerk taxed costs in favor of Defendant and against Plaintiff in the amount of $220.00. Plaintiff has not filed a motion to review the award.

On May 7, 2010, Defendant filed the instant motion, requesting an order requiring Plaintiff to pay the previously-taxed costs by a date certain and awarding attorney fees for the time incurred in filing such motion. Plaintiff filed a response in opposition to the motion, claiming that the Clerk's Order Settling Costs is not an order of the Court requiring Plaintiff to pay costs and that entry of a judgment for costs is the appropriate procedure to enforce a cost bill. Defendant filed a reply.

**II.   Discussion.**

"Rule 54(d) creates a presumption that the prevailing party shall recover costs." *Utah Animal Rights Coalition v. Salt Lake County*, 566 F.3d 1236, 1245 (10th Cir. 2009) (quoting *Klein v.*

*Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995)). "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

The types of reimbursable costs are enumerated in 28 U.S.C. § 1920, and include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Local Rules for the District of New Mexico elaborate "[t]he reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation." D.N.M.LR-Civ. 54.2(b)(1). "A deposition is reasonably necessary to the litigation when . . . the deposition is used by the Court in ruling on a motion for summary judgment[.]" D.N.M.LR-Civ. 54.2(b)(2).

Clearly, the Clerk properly taxed the transcript fee as costs because the Court cited to and relied upon Plaintiff's deposition testimony in ruling on the motion for summary judgment. In any event, any objection has been waived. Rule 54(d)(1) provides for judicial review of the clerk's action only on motion filed within seven days of the clerk's order. Fed. R. Civ. P. 54(d)(1). Plaintiff waived any objection to the clerk's order because she did not file a motion within seven days. *See Bloomer v. United Parcel Serv., Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003). Accordingly, the clerk's taxation of costs in the amount of $220.00 is entirely appropriate and must stand.

Plaintiff quibbles with the cost award because she believes it should be included in the judgment. Defendant advocates for an order requiring Plaintiff to pay the cost award by a date certain, relying on the Memorandum Opinion and Order issued by the Honorable James A Parker, in *Bustamante v. Bd. of County Comm'rs of San Miguel County*, No. CIV 08-0315 JP/WPL (Mar. 24, 2010). While the Court finds Judge Parker's reasoning to be persuasive, it believes that the better practice in the instant case would be to include the cost award in the judgment and order Plaintiff to

pay it by a date certain.

Section 1920 states "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."  28 U.S.C. § 1920.  Notably, amendment of the judgment for the sole purpose of including costs does not extend the time for a party to file a motion to alter judgment, a motion to amend judgment, or an appeal.  *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993).  Therefore, the cost award will be included in the judgment and Plaintiff will be ordered to pay such amount by July 1, 2010.

Defendant did not include an affidavit and time records in support of its request for attorney fees.  *See* D.N.M.LR-Civ.54.5(a) (stating a party seeking attorney's fees "must submit a supporting brief and evidence (affidavits and time records).")  For this reason, the request for attorney fees will be denied.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Enforce Order (Doc. 47), filed on May 7, 2010, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the cost award in the amount of $220.00, in favor of Defendant and against Plaintiff, is included in the Judgment of January 28, 2010.

**IT IS FURTHER ORDERED** that Plaintiff must pay such cost award to Defendant by July 1, 2010.

**IT IS FURTHER ORDERED** that Defendant's request for attorney fees is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**