IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHERRY BUSTOS,**

      **Plaintiff,**

vs.                                                   No. CIV 09-0208 RB/LFG

**STATE OF NEW MEXICO**
**CORRECTIONS DEPARTMENT,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Defendant's (NMCD's) Application for Award of Partial Attorney Fees (Doc. 52), filed on June, 2010.  Jurisdiction arises under 28 U.S.C. § 1331.  Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court grants this motion.

**I.      Background.**

      On February 2, 2009, Plaintiff (Ms. Bustos) filed suit in the First Judicial District Court of the State of New Mexico, alleging claims based on sex discrimination and retaliation, in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, ("Title VII"), and the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7(A) ("NMHRA").  Ms. Bustos alleged that NMCD discriminated and retaliated against her by refusing to consider her for a vacant position and hiring a less qualified male for the position.  On March 4, 2009, NMCD removed the matter to federal court, pursuant to 28 U.S.C. § 1441.

      NMCD moved for summary judgment on both claims, arguing that Ms. Bustos presented no direct evidence of retaliation and she was unable to establish a prima facie case of discrimination or retaliation within the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S.

792 (1973).  On January 28, 2010, after the Motion for Summary Judgment was fully briefed, the Court issued a Memorandum Opinion and Order that granted the Motion and entered Judgment in favor of NMCD and against Ms. Bustos.

On February 11, 2010, NMCD filed a motion to tax as costs the $220.00 transcript fee for Ms. Bustos's deposition.  Ms. Bustos filed a response in opposition to the motion, contending that the deposition was not reasonably necessary to the litigation.  In its reply, NMCD pointed out that the Court relied on Ms. Bustos's deposition testimony in its Memorandum Opinion and Order.

On March 9, 2010, the Clerk entered an Order Settling Costs stating:

> It is apparent that the deposition was relied upon by the Court in reaching its decision in granting summary judgment in favor of the Defendant. *See*, Memorandum Opinion and Order filed January 28, 2010, [Doc. No. 40]. Therefore, in accordance with D.N.M.LR-Civ 54.2(b)(2)(B), the deposition is deemed reasonably necessary to the litigation and the cost is allowed.

Clerk's Order Settling Costs filed March 9, 2010, (Doc. 46).  Accordingly, the Clerk taxed costs in favor of NMCD and against Ms. Bustos in the amount of $220.00.  Ms. Bustos did not file a motion to review the award pursuant to Rule 54(d)(1), which provides for judicial review of the Clerk's action on a motion filed within seven days of the clerk's order.  Fed. R. Civ. P. 54(d)(1).

On May 7, 2010, NMCD filed a motion for an order requiring Ms. Bustos to pay the previously-taxed costs by a date certain and awarding attorney's fees for the time incurred in filing such motion.  On June 3, 2010, the Court granted NMCD's motion with respect to the order concerning costs and ordered Ms. Bustos to pay the cost award by July 1, 2010.  The Court denied the request for attorney's fees on the ground that it was not supported by an affidavit and time records, as required by D.N.M.LR-Civ.54.5(a) (stating a party seeking attorney's fees "must submit a supporting brief and evidence (affidavits and time records).")  On June 4, 2010, NMCD filed the

instant motion, with a supporting affidavit and time records. NMCD requests an award of attorney's fees in the amount of $405.23, including gross receipts tax, for 2.5 hours of legal services rendered in connection with the post-judgment enforcement of the costs award at the hourly rate of $150.00.

**II.     Discussion.**

Generally, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). This so-called "American Rule" holds that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Id.*, 421 U.S. at 247. Nonetheless, "[t]he federal judiciary has recognized several exceptions to the general principle that each party should bear the costs of its own legal representation." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974). One such exception allows courts to assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991). This exception "derives from the inherent power of the federal courts to sanction conduct that abuses the judicial process." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 761 (10th Cir. 1997).

NMCD asserts that it is entitled to an award of attorney's fees because Ms. Bustos engaged in vexatious and oppressive post-judgment litigation, by refusing to pay the cost award. "[T]he imposition of sanctions under the bad-faith exception depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Chambers*, 501 U.S. at 53, 54 n. 16. In this case, the Clerk's taxation of costs in the amount of $220.00 was entirely appropriate. Additionally, Rule 54(d)(1) provides for judicial review of the Clerk's action on a motion filed within seven days of the Clerk's order. Fed. R. Civ. P. 54(d)(1). Ms. Bustos waived any objection to the Clerk's order by failing to file a motion for judicial review of the award. *See Bloomer v.*

3

*United Parcel Serv., Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003).  Ms. Bustos quibbled with the cost award because she believed it should have been included in the judgment.  This was not a valid reason to fail to comply with the Clerk's Order Settling Costs.  Ms. Bustos's conduct in raising such a nit-picking objection to a valid order wasted the resources of NMCD and this Court.  Under these circumstances, Ms. Bustos should be sanctioned for abusing the judicial process and squandering judicial resources.  These sanctions should take the form of reasonable attorney's fee to reimburse NMCD for the attorney's fees it incurred in connection with Ms. Bustos's frivolous and baseless refusal to pay costs.

The determination of a reasonable attorney's fee is guided by calculation of the "lodestar" amount.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The lodestar figure is the presumptively reasonable fee, and the court may adjust the lodestar amount upward or downward as necessary.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The first step in calculating the lodestar amount is to determine the prevailing market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n. 11; *see also Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006).  Counsel for NMCD, Mr. Michael Dickman, requests compensation at the rate of $150.00 per hour.  In support of this rate, Mr. Dickman has submitted an affidavit stating that he has practiced law in New Mexico for over thirty-two years. He has litigated civil rights and tort cases for over twenty-four years. Since 1993, Mr. Dickman has been engaged in the private practice of law.  Presently, Mr. Dickman spends ninety percent of his professional time defending civil rights and tort cases on behalf of government entities in New Mexico.  Mr. Dickman's legal work in this

case was based on his contract with the New Mexico Risk Management Division. The contract rate is $150.00 per hour, plus applicable gross receipts tax (8.062%).

Mr. Dickman's claimed hourly rate of $150.00 is reasonable, given his experience. As this is the contract rate paid by the Risk Management Division, this rate reflects the market rate for attorneys in New Mexico for the defense of such cases. Indeed, Ms. Bustos does not specifically object to Mr. Dickman's claimed hourly rate. Accordingly, the Court finds that $150.00 is a reasonable hourly rate for Mr. Dickman.

After determining the reasonable hourly rate, this Court must determine whether counsel has exercised billing judgment with respect to the claimed number of hours worked. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). Counsel must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude hours from his fee submission." *Hensley*, 461 U.S. at 434.

Mr. Dickman expended a total of 2.5 hours on the post-judgment motion to force Ms. Bustos to pay the cost award. Ms. Bustos does not specifically object to this amount of time. The Court has carefully reviewed the detailed billing records submitted by Mr. Dickman. The time sheets demonstrate that Mr. Dickman exercised appropriate billing judgment. The number of hours expended on the post-judgment litigation is reasonable. Neither an upward nor a downward adjustment of the lodestar amount is necessary under the circumstances of this case. *Blum v. Stenson*, 465 U.S. at 888. Moreover, an award of New Mexico gross receipts tax on Mr. Dickman's fee is appropriate. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (approving award of gross receipts tax on fee awarded to New Mexico counsel).

The following chart illustrates the calculation of the lodestar amount, plus the applicable gross receipts tax:

| Hours | Rate | Fee | Tax | Total |
| --- | --- | --- | --- | --- |
| 2.5 | $150.00 | $375 | $30.23 | $405.23 |

**THEREFORE,**

**IT IS ORDERED** that Defendant's Application for Award of Partial Attorney Fees (Doc. 52), filed on June, 2010, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendant the sum of $405.23 as reasonable attorney's fees together with applicable gross receipts tax, no later than August 20, 2010.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**